**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

LEO M. PLEASANTS,

        **Plaintiff,**

v.                                 **Civil Action No. 3:13-CV-02797-N-BK**

EASTFIELD POLICE DEPT. OF THE
DALLAS COUNTY COMMUNITY
COLLEGE DISTRICT, et al.,

        **Defendants.**

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

      This case has been referred by the District Judge for pretrial management under *Special Order 3*.  For the reasons that follow, this case should be *sua sponte* remanded to state court for lack of subject matter jurisdiction.

**BACKGROUND**

      In July 2013, Plaintiff, proceeding without the assistance of counsel, initiated this action in state court against his former employer and former work colleagues, complaining about various actions that had been taken against him leading up to, and including, his termination from his job as a police officer.  (Doc. 1-3 at 7-32).  He states under the "Jurisdiction" heading of his petition that his case "alleges violations under State law, therefore jurisdiction and venue is invoked under the Texas Civil Practices And Remedies Code § 15.002." *Id.* at 7.  In his petition, Plaintiff raises a plethora of claims, including negligent retention, negligent hiring, conspiracy, abuse of power, official misconduct, slander, and breach of contract. *Id.* at 19-22, 26-27, 29.  He also alleges violations of Texas Govt. Code §§ 21.055, 552.102, 554.002, 617.005, 815.503 and Texas Labor Code § 21.051. *Id.* at 11-12, 15, 22-23, 25.

Eastfield removed the case to this Court, asserting in support of federal jurisdiction that this is "apparently a federal cause of action arising out of the Due Process Clause." (Doc. 1 at 1). Eastfield contends that while Plaintiff's petition is not entirely clear, he includes a section heading in his petition entitled "Denial of Due Process." *Id.* at 2.   Additionally, Eastfield points out that Plaintiff's petition contains language alleging that he was "never notified of any investigation, was denied due process of answering or responding to any complaint, violation, or otherwise. Plaintiff's civil rights and due process was further violated and denied by the absence of any witness, evidence, or testimony concerning Plaintiff's employment." *Id.*  Plaintiff has since amended his petition in this Court, but it is substantively identical to his original petition. (Doc. 6).  Both Defendants have moved to dismiss Plaintiff's original and amended petitions on the basis of *res judicata* and governmental immunity.  (Docs. 5, 7).  Plaintiff has responded and filed numerous "supplemental documents" in support of his claims.  (Docs. 8, 12, 16-24).

## APPLICABLE LAW

It is a well-settled principle that before proceeding with a case, the court has a duty to examine its subject matter jurisdiction, *sua sponte* if necessary.  *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997).  As relevant here, a federal district court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  A defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court.  28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  *St. Paul Reinsurance Co. Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).  Removal statutes are strictly construed in favor of remand and against removal.  *Bosky v.*

2

*Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002). A district court has the power to remand a

case to state court *sua sponte* if the Court determines that it lacks subject matter jurisdiction. *See*

*In re Allstate*, 8 F.3d 219, 221 (5th Cir. 1993). The Court assesses removal jurisdiction on the

"basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v.*

*State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

## ANALYSIS

Although Plaintiff has filed an amended petition in this action, the Court considers only

the original petition.[1] *Id.* As Eastfield points out, the original petition does contain a heading

entitled "Due Process," but in that section Plaintiff actually complains that Defendants violated

Texas Govt. Code § 143.089, and urges there and in other areas of his petition that Defendants

also violated Dallas County's Human Resources Operational Guidelines, district policy, and

police department policy. (Doc. 1-3 at 14, 17-18, 29). Otherwise, Plaintiff's petition alleges a

slew of tort claims, *id.* at 19-22, 26-27, 29, as well as a host of state statutory violations, *id.* at 11-

12, 15, 22-23, 25. Viewed against this backdrop, the undersigned does not find that Plaintiff's

scattered reference to the term "due process" in the 24-page petition, *id.* at 14, 29, is sufficient to

invoke federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)

(holding that the removal statute must be strictly construed in favor of remand, and all doubts and

ambiguities must be resolved against federal jurisdiction). In the context of Plaintiff's petition,

these stray references to "due process" are merely *de minimis*. Accordingly, this Court lacks

subject matter jurisdiction, and this case should be *sua sponte* remanded back to the state court.

*Allstate*, 8 F.3d at 221.

---

[1] In any event, the original and amended petitions in this case are substantively identical.

3

## CONCLUSION

For the foregoing reasons, this case should be *sua sponte* remanded to state court for lack of subject matter jurisdiction.

**SO RECOMMENDED** on December 16, 2013.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE